IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SARITA M. BANNING and WILLIAM C. BANNING, JR., | § § § | No. 315, 2022 |
| Defendants Below, Appellants, | § § § § | Court Below–Superior Court of the State of Delaware |
| v. | § § | C.A. No. N19L-07-016 |
| WELLS FARGO BANK, NA, et al., | § § § § | |
| Plaintiffs Below, Appellees. | § § § | |

Submitted: April 14, 2023
Decided: June 22, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) The appellants, Sarita M. Banning and William C. Banning Jr., filed this appeal from the Superior Court's August 8, 2022 order granting a writ of possession to the appellee, Secretary of Veterans Affairs, an Officer of the United States (the "Secretary"). We find no merit to the Bannings' appeal. Accordingly, we affirm the Superior Court's judgment.

(2) In 2019, Wells Fargo Bank, NA ("Wells Fargo") filed a mortgage foreclosure action against residential property owned by the Bannings ("the

property"). The Bannings asserted various counterclaims related to alleged mistakes contained in the mortgage loan documents and errors in the manner in which the mortgage documents were executed. On January 21, 2021, the Superior Court granted summary judgment in favor of Wells Fargo and dismissed the Bannings' counterclaims.[1] On January 11, 2022, the property was sold at sheriff's sale, and the sheriff's sale was confirmed without objection under Superior Court Civil Rule 69(d) on February 25, 2022. The property was then deeded to the Secretary in a sheriff's deed recorded with the Recorder of Deeds in and for New Castle County on April 4, 2022.

(3)     On May 19, 2022, the Secretary filed a petition for a writ of possession. Following a hearing at which the Bannings appeared, the Superior Court granted the petition. The Bannings have appealed the Superior Court's judgment. The Bannings moved both the Superior Court and this Court to stay the Superior Court's judgment pending appeal. Both efforts were unsuccessful.[2]

(4)     The Bannings' arguments on appeal are somewhat difficult to discern. Generally speaking, they allege that the Superior Court (i) erred in permitting Wells Fargo to foreclose on the property, (ii) lacked jurisdiction to grant the Secretary's

---

[1] *Wells Fargo Bank, NA v. Banning*, 2021 WL 212750 (Del. Super. Ct. Jan. 21, 2021).
[2] *Banning v. Wells Fargo Bank, NA*, No. 315, 2022 (Sept. 7, 2022) (ORDER) (denying the Bannings' motion for a stay pending appeal after considering the merits of the Bannings' request *de novo* because the Superior Court had not yet ruled on the motion); *Wells Fargo Bank, NA v. Banning*, 2022 WL 4102233 (Del. Super. Ct. Sept. 7, 2022).

petition for a writ of possession, (iii) erred by denying their motion to stay pending appeal, and (iv) harbored bias against them. We find no merit to these arguments. To the extent that the Bannings allege errors occurred in the underlying mortgage foreclosure action, the Bannings waived these arguments when they failed to object to the sheriff's sale and we may not consider them in this appeal from the Superior Court's order granting the Secretary's petition for a writ of possession.[3] To the extent that the Bannings claim that the Superior Court lacked jurisdiction to grant the writ of possession, they are mistaken.[4] And we have already considered and rejected the Bannings' argument that the Superior Court erred by denying their motion to stay when we denied their motion to stay filed in this Court. Finally, we have carefully reviewed the Superior Court record and it belies the Bannings' allegations of bias on the part of the Superior Court judge. To the contrary, the Superior Court judge carefully considered the Bannings' numerous filings in this case and liberally construed the Bannings' *pro se* filings to ensure that the Bannings' arguments were given proper scrutiny.[5] In the absence of any evidence that the

---

[3] *Hayford v. Travelers Bank and Trust, FSB*, 2008 WL 623201, at *1 (Del. Mar. 7, 2008).
[4] *See* 10 *Del. C.* § 5011(b).
[5] In the days leading up to the hearing on Secretary's petition for a writ of possession, the Bannings filed a document entitled "Testimony in Form of Affidavit of Fact and Truth." The Superior Court rejected the document because it was not responsive to the pending petition. We have reviewed the document and agree with the Superior Court that it was not responsive to the Secretary's petition.

3

Superior Court erred when granting the writ of possession to the Secretary, the Court concludes that the Superior Court's judgment should be affirmed.[6]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[6] *See Donovan v. Dover Fed. Credit Union*, 2003 WL 141252 (Del. Jan. 16, 2003) (affirming judgment in the absence of any evidence that the proper procedures for the issuance of the writ of possession were not followed).